IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Ramón Fernandez-Malave, Plaintiff; | 07-CV-1375 (SEC) |
| v. | |
| Judith Matias, Defendant. | |

Plaintiff's Opposition To Motion To Dismiss

To The Honorable Court:

Comes now the plaintiff, pro se, and very respectfully states and prays:

On the 24th of August of 2007 this Honorable Court granted untill September 10th of 2007 to file opposition.

1

## I. Legal Standard For a Motion To Dismiss

Accordingly to the Supreme Court, a

> "court may dismiss a complaint only if it is clear that no relief could be granted under no set of facts that could be proved consistent with the allegations"

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

Moreover, accordingly to the First Circuit, the court must

> "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff"

Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

In addition, a
> "complaint sufficiently raises

2

a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." Gonzalez-Perez v. Hospital Interamericano de Medicina Avanzada, 355 F.3d 1, 5 (1st Cir. 2004).

Under Federal Rule Of Civil Procedure 8(f),
"all pleadings shall be so construed as to do substancial justice"

And finally, in prose pleadings, habeas courts holds such pleadings to less stringent standards than formal pleadings drafted by an attorney and liberally construe such pleadings when determining whether they state a cause of action. See Haines v. Kerner,

3

404 U.S. 519, 520-21 (1972):

> "pro se complaint held to less stringent standards than pleadings drafted by lawyers"

and U.S. v. Mosquera, 845 F.2d 1122, 1124-25 (1st Cir. 1988):

> "in light of petitioner's pro se status, allegations not unduly conclusory"

See also Green v. U.S., 260 F.3d 78, 83 (2nd Cir. 2001)

> "general rule requiring liberal construction of pro se pleadings applied to 2255 motion"

## II. Habeas Corpus Standard

Under 28 U.S.C. 2254(d)(1) habeas relief is not available for any claim adjudicated on the merits in state court unless the state

4

was (1) "Contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court" or (2) based on an unreasonable determination of the facts. decision

## II. Arguement

In Williams v. Taylor, 529 U.S. 362, 405 (2000) the Supreme Court, accordingly with 28 U.S.C. 2254(d)(1) (2000) held that "Contrary to" means that a court: (1) arrived at a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) When confronted with materially indistinguishable facts from a Supreme Court precedent, arrived at an opposite result. See also Carey v. Musladin, 127 S. Ct. 649 (2006).

In the case at hand, during the federal criminal proceedings, a new exculpatory evidence emerged in which during the State postconviction proceedings, Rule 192 of Criminal Procedure, the state court had the duty of determining the factual issue accordingly with the standard set forth in Schlup v. Delo, 513 U.S. 298 (1995), which requires a habeas petitioner to show that it is more likely than not that no reasonable jury would have convicted him in the light of the new evidence; that is,

> "petitioner must show that it is more likely than not that no reasonable jury would have found petitioner guilty beyond a reasonable doubt." See Schlup v. Delo.

And that was not the legal

6

application done in the present case.

In the present case, the new evidence was considered accordingly with the Rule 192 of Criminal Procedure which had since the year 2000 until 2006 an interpretation of said Rule by the Puerto Rico Supreme Court that established a higher standard of proof that consisted in the requirement to shift the burden to the petitioner to prove beyond doubt his innocence.

In Pueblo v. Marcano Parrilla, 2006 J.T.S. 145 the Puerto Rico Supreme Court Reconsidered said high standard requisite and adopted the standard set forth in Schlup v. Delo.

Accordingly with 28 U.S.C. 2254(d)(1) (2000) the State Court decision was "contrary to" Schlup v. Delo, 513 U.S. 298 (1995).

7

See Brinson v. Vaughn, 398 F.3d 225, 233 (3rd Cir. 2005) where the state trial and appellate courts rulings denying defendants claim regarding peremptory challenges was "contrary to" federal law since said courts completely ignored the Batson v. Kentucky, 476 U.S. 79 (1986) test.

Section 2254(d)(1)(2000) textually provides:

> "a habeas corpus petition may not be granted by a federal court with respect to any claim that was adjudicated on the merits in state court, unless the State Court decision (1) was contrary to..."

The standard applied in the present case of convincingly proving beyond doubt the plaintiff's innocence in a postconviction proceeding in comparision with Schlup v. Delo accordingly with the "contrary to" 2254(d)(1)

8

precept does not means less than that; Section 2254(d)(1) does not requires more.

Schlup v. Delo does not requires proving convincingly beyond doubt the plaintiff's innocence, but only requires that "is more likely than not that no reasonable jury would have found petitioner guilty beyond a reasonable doubt" that means that the State Court proceedings conclusion on the question of law in this case was "opposite to that reached by the Supreme Court" in Schlup v. Delo, thus was not accordingly with Williams v. Taylor, 529 U.S. 362, 405 (2000).

III.a. Presumption of Correctness

Section 2254(e)(1)(2000) provides;

"In a proceeding instituted by an application for a writ of

9

> habeas Corpus by a person in custody pursuant to the judgment of a State Court, a determination of a factual issues made by the State Court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of Correctness by clear and convingly evidence"

It is clear and convincing evidence that the State Court's decision was "contrary to" federal law.

While factual determinations by a State Court are presumed correct absent clear and convincing evidence to the contrary, deference does not imply abandonment or abdication of judicial review. See <u>Miller-EL v. Cockrell</u>, 537 U.S. 322, 341 (2003); See also <u>Taylor v. Maddox</u>,

10

366 F.3d 992, 1008 (9th Cir. 2004) Where the presumption of correctness was overcome by clear and convincing evidence of defects in fact finding process.

## IV. Conclusion

Wherefore, the plaintiff very respectfully solicits to this Honorable Court, since Section 2254(b) provides that:

"a writ may not be granted unless the petitioner satisfies certain requirements, including showing (i) that he or she has exhausted the remedies available in the courts of the State, (ii) that there is an absense of available state corrective process, or (iii) that circumstances exist that renders the process ineffective to protect his or her rights" and,

11

The "contrary to" precept in section 2254(d)(1)(2000) qualifies by the compliance with the circumstances that renders the process ineffective to protect his rights;

To deny in its entirety the defendants Motion to Dismiss and proceed to enter any relief that could be granted.

Very respectfully Submitted today September 10th of 2007

_Ramón Fernández Malavé_

Ramón Fernandez Malave
Inst. Máxima Seguridad
P.O. Box 900
G-5, 4014
Beñuelas, PR 00624

page

12